Steven A. Miller (IL SBN 3125365)
(*Pro hac vice application to be filed*)
Email: samiller@reedsmith.com
Brian D. Roche (IL SBN 6183795)
(*Pro hac vice application to be filed*)
Email: broche@reedsmith.com
Jennifer Y. DePriest (IL SBN 6272137)
(*Pro hac vice application to be filed*)
Email: jdepriest@reedsmith.com
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

William R. Overend (CA SBN 180209)
Email: woverend@reedsmith.com
Kirin K. Gill (CA SBN 259968)
Email: kgill@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Plaintiffs
Koninklijke Philips N.V. and Philips Lumileds
Lighting Company LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Koninklijke Philips N.V. and Philips Lumileds Lighting Company LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Elec-Tech International Co., Ltd., Elec-Tech International (H.K.) Co., Ltd., Wuhu Elec-Tech Photoelectric Technology Co., Ltd., ETI Yangzhou Photovoltaic Technology Co., Ltd., Dalian Deheo Photovoltaic Technology Co., Ltd., Shenzhen Retop LED Display Co., Ltd., ETI Solid State Lighting Inc., ETI LED Solutions Inc., Donglei Wang, Eva Chan and Gangyi Chen,<br><br>Defendants. | No.: 5:14-CV-2737<br><br>**COMPLAINT FOR TRADE SECRET MISAPPROPRIATION; VIOLATION OF CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT; CONVERSION; BREACH OF FIDUCIARY DUTY; BREACH OF CONTRACT; INDUCING BREACH OF FIDUCIARY DUTY; INDUCING BREACH OF CONTRACT; UNFAIR COMPETITION; COMMON LAW MISAPPROPRIATION; VIOLATION OF COMPUTER FRAUD AND ABUSE ACT**<br><br>**DEMAND FOR JURY TRIAL** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Plaintiffs Koninklijke Philips N.V. ("Philips NV") and Philips Lumileds Lighting Company

2   LLC ("Lumileds") (collectively, "Philips Lumileds"), for their Complaint against Elec-Tech

3   International Co., Ltd. ("ETI"), Elec-Tech International (H.K.) Co., Ltd. ("ETI HK"), Wuhu Elec-

4   Tech Photoelectric Technology Co., Ltd. ("ETI Wuhu"), ETI Yangzhou Photovoltaic Technology

5   Co., Ltd.  ("ETI Yangzhou"), Dalian Deheo Photovoltaic Technology Co., Ltd. ("ETI Dalian"),

6   Shenzhen Retop LED Display Co., Ltd. ("ETI Retop"), ETI Solid State Lighting Inc. ("ETI SSL"),

7   ETI LED Solutions Inc. ("ETI LED"), Donglei Wang, Eva Chan and Gangyi Chen, allege as

8   follows:

9   <u>**NATURE OF THE ACTION**</u>

10   1.   Philips NV is a global market leader with recognized expertise in the development,

11   manufacturing and application of innovative lighting solutions.  It has pioneered many of the key

12   breakthroughs in lighting over the past 123 years.  Particularly through its investment in high-power,

13   high efficiency light emitting diode ("LED") technology, Philips NV has become a leader in the

14   global transformation from conventional lighting to LED technology.  Philips NV has invested over

15   $1 billion in developing and advancing LED technology, including its investment in and acquisition

16   of Lumileds.

17   2.   Lumileds is based in San Jose, California, and is an indirect, wholly-owned

18   subsidiary of Philips NV.  Lumileds annually invests tens of millions of dollars in developing high

19   power, highly efficient LED technology.  Lumileds pioneered the use of solid-state lighting in traffic

20   signals and has since continued to innovate with breakthrough products such as the first LED backlit

21   TV, the first LED flash in camera phones, and the first LED daytime running lights for cars.

22   3.   Defendant Gangyi Chen is a former Lumileds principal development engineer who

23   worked at Lumileds' headquarters in San Jose, California, and who had access to Philips Lumileds'

24   LED technology, most notably "epitaxy technology," and other confidential business information.

25   Much of Philips Lumileds' epitaxy technology constitutes trade secrets.  The technological

26   advancements Philips Lumileds has made in epitaxy technology result in optimized LED

27   performance levels and efficiencies that are key differentiators between what Philips Lumileds offers

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

and the offerings of the other companies in the LED industry.  These trade secrets provide Philips Lumileds with a substantial competitive advantage.

4.    ETI is a new entrant to the LED business.  It entered the business in May 2009, and admitted in 2010 that it was "incapable of proprietary development" of LED chips.  Despite this lack of technological expertise, ETI purchased hundreds of millions of dollars' worth of specialized manufacturing equipment – called metalorganic chemical vapour deposition ("MOCVD") reactors – used for making LED chips, which can only be exploited with epitaxy technology expertise.

5.    In 2011, while Chen was employed by Lumileds, ETI through defendant Wang, ETI's Chairman, began discussions with Chen about joining ETI.  Chen accepted ETI's offer of employment, and he terminated his employment with Lumileds on June 22, 2012.  Days before leaving his employment, Chen, without authorization, copied from Philips Lumileds' computer network in San Jose thousands of files containing Philips Lumileds' trade secrets and confidential business information onto a portable storage device.  Following his departure from Lumileds, Chen moved to China, joined ETI, and on information and belief, took Philips Lumileds' trade secrets and other confidential information with him.  Though employed as a research engineer at Lumileds, since starting his employment with ETI, Chen has been promoted to Vice President, and is one of the most senior executives in a company with 15,000 employees.  Defendant Chen, on information and belief, unlawfully disclosed Philips Lumileds' trade secrets to ETI, ETI HK, Wang and Chan, who unlawfully used them for the benefit of defendants.

6.    Defendants ETI, ETI HK, Wang and Chan have engaged in a campaign to hire away other employees from Lumileds who possess Philips Lumileds' trade secrets and other confidential information.  ETI, through its Chairman, defendant Wang, and Vice General Manager, defendant Chan, requested that Lumileds employees disclose Philips Lumileds' trade secrets to ETI.  Upon joining ETI, or one of its subsidiaries, these individuals were pressured to use the trade secret LED technology to develop competing LEDs, and were fired when they refused to do so.  Moreover, in addition to recruiting Lumileds engineers from Lumileds' San Jose headquarters, defendants hired additional engineers and scientists from Lumileds' Singapore wafer fabrication facility who have the technical know-how necessary to exploit Philips Lumileds' trade secrets.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

7.      With the files copied and misappropriated from Philips Lumileds, defendants have the ability to produce higher performing LEDs without the years of research, development and substantial expense invested by Philips Lumileds in developing its trade secret epitaxy technology and related confidential, proprietary information.  In an unprecedented amount of time, ETI has announced that it has developed high powered LEDs.  Philips Lumileds brings this lawsuit to redress defendants' misappropriation of plaintiffs' trade secrets and other confidential information.

## JURISDICTION AND VENUE

8.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a).

9.      In addition, the Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  Plaintiff Philips NV is a company organized under the laws of the Netherlands, with its headquarters in Amsterdam, the Netherlands.  Plaintiff Lumileds is a Delaware limited liability company with its principal place of business in San Jose, California.  The remaining parties are citizens of different states or foreign citizens residing or domiciled in foreign states.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     The Court has personal jurisdiction over the defendants.  Defendants ETI, ETI HK, Wang, Chan and Chen, on information and belief, have made systematic and continuous contacts with California.  In addition, defendants ETI, ETI HK, Wang, Chan and Chen have engaged in intentional conduct directed towards California that caused harm that defendants ETI, ETI HK, Wang, Chan and Chen knew would likely be suffered by Philips Lumileds in California.  Among other things, defendants ETI, ETI HK, Wang and Chan have engaged in a targeted recruitment scheme directed to and including Lumileds engineers who work at Lumileds' San Jose, California headquarters, including but not limited to defendant Chen, and on information and belief, have done so in an effort to obtain Philips Lumileds' trade secrets that are maintained on Philips Lumileds' computer system in California.  Employees of ETI and/or ETI HK – including defendants Wang and Chan – have traveled to California in connection with these recruitment efforts, and have directed communications and job offers to Philips Lumileds' employees and former employees in California, including Chen.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

11.     On information and belief, defendants ETI Wuhu, ETI Dalian, ETI Yangzhou, ETI Retop, ETI SSL and ETI LED (collectively, the "Other ETI Entities"), are each owned and/or controlled by ETI, ETI HK, Wang and/or Chan, and further on information and belief, ETI, ETI HK, Wang and/or Chan directed their actions towards California on and for their own benefit and behalf, and on behalf of and for the benefit of the Other ETI Entities.

12.     On information and belief, the Other ETI Entities have benefited from the misappropriation of Philips Lumileds' trade secrets and other confidential and proprietary information by ETI, ETI HK, Wang, Chan and Chen.

13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## INTRADISTRICT ASSIGNMENT

14.     Pursuant to Civil L.R. 3-2(c), this action should be assigned to the San Jose Division of the United States District Court for the Northern District of California because Lumileds is based in San Jose, California, unlawful acts by defendants have been and are occurring within the San Jose Division, and a substantial part of the events or omissions which give rise to Philips Lumileds' claims occurred in the San Jose Division.

## THE PARTIES

15.     Koninklijke Philips N.V. ("Philips NV") is a company organized under the laws of the Netherlands, with its headquarters in Amsterdam, the Netherlands.  Philips NV is a diversified technology company, focused on improving people's lives through meaningful innovation in the areas of Healthcare, Consumer Lifestyle and Lighting.  Among other things, the company is a leader in cardiac care, acute care and home healthcare, energy efficient lighting solutions and new lighting applications.

16.     Philips Lumileds Lighting Company LLC ("Lumileds") is a Delaware limited liability company with its principal place of business in San Jose, California.  Lumileds is an indirect, wholly-owned subsidiary of Philips NV, and no member of Lumileds is not diverse to any defendant.  Lumileds began as the Optoelectronics division of Hewlett-Packard ("HP") almost 40 years ago.  In the late 1990s, recognizing the potential for solid-state lighting (*i.e.*, lighting that uses semiconductor LEDs as the source of illumination, rather than, for example, electrical filaments), HP

and Philips began exploring how they could work together and deliver a new solid-state lighting solution to the market.  In 1999, HP split its company into two, and the optoelectronics group was assigned to the new Agilent Technologies.  In November of 1999, Agilent Technologies and Philips formed Lumileds as a joint venture, assigned the former Agilent Technologies/HP optoelectronics group to Lumileds, and tasked Lumileds with the responsibility of developing and marketing the world's brightest LEDs.  In 2005, Philips acquired Agilent Technologies' interest in the Lumileds joint venture.

17.     Defendant Elec-Tech International Co., Ltd. ("ETI") is a publicly-held Chinese company traded on the Shenzen Stock Exchange.  Founded in 1996, ETI is headquartered at No. 1 Jinfeng Road, Tangjiawan Town, Xianghong District, Zhuhai City, Guangdong Province, PRC.  ETI's business historically has been the manufacture and sale of small home appliances (*i.e.*, "white goods"), such as toaster ovens, coffee makers, deep fryers, blenders, bread makers and the like.  ETI sells a substantial amount of white goods in the United States.  In May 2009, ETI entered the LED lighting market, and has since begun manufacturing LEDs and selling LED products in China, Hong Kong, Europe, the United States, Turkey, Japan, and on information and belief, elsewhere.  ETI owns and controls numerous other companies, including ETI HK, ETI Wuhu, ETI Yangzhou, ETI Dalian, ETI Retop, ETI SSL and ETI LED.  On information and belief, ETI distributes and sells its LEDs in the United States through ETI HK, ETI SSL and ETI LED.  Defendant Wang serves as ETI's Chairman and General Manager.  Other senior officers and directors include, on information and belief, defendant Chan (Vice General Manager and Director), Dongming Wang (Vice Chairman), and defendant Chen (Vice General Manager).  ETI recruits employees for ETI and its subsidiaries.  ETI solicits disclosure of Philips Lumileds' trade secrets as part of its recruiting process.

18.     Defendant Elec-Tech International (H.K.) Co., Ltd. ("ETI HK") is a company organized and existing in Hong Kong.  Founded in 1996, ETI HK's principal place of business is at Suite 801, 8/F, Block 3, China Hong Kong City, 33 Canton Road, Tsimshatsui, Kowloon, Hong Kong.  ETI HK is a wholly-owned subsidiary of ETI.  ETI HK recruits employees on behalf of and for ETI and its subsidiaries.  ETI HK solicited disclosure of Philips Lumileds' trade secrets as part of

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

its recruiting process.  On information and belief, ETI HK was also involved in the solicitation of Gangyi Chen to become an employee of ETI and to misappropriate Philips Lumileds' trade secrets. On information and belief, ETI operates in Hong Kong and in the United States through ETI HK. ETI HK's executives and directors include defendant Wang (Chairman), defendant Chan (Director and Vice General Manager), Dongming Wang (CEO and Director), and on information and belief, defendant Chen (Vice President).

19.     Defendant Donglei Wang (also known as Tony Wang) is an individual who, on information and belief, resides at No. 1, Jinfeng Road, Xiangzhou District, Zhuhai City, Guangdong Province, PRC.  Wang is the Chairman of the Board of ETI's Directors and ETI's General Manager, and on information and belief, a majority shareholder of ETI.  Wang is also the Chairman of ETI HK, and a Director of ETI SSL and ETI LED.

20.     Defendant Eva Chan (also known as Jianrong Chen), is an individual who, on information and belief, resides at Flat E, 18/F, Block 27, Laguna City Phase II, Kwun Tong, Kowloon, Hong Kong.  Chan is Vice General Manager of ETI, Director and Vice General Manager of ETI HK, CEO and Director of ETI SSL, and President, CEO and Director of ETI LED.

21.     Defendant Gangyi Chen is a Chinese national who was lawfully admitted for permanent residence in the United States and who, on information and belief, presently resides at Room 103, Building 19, No. 88, Jiaotong Road, Taijiang District, Fuzhou City, Fujian Province, PRC.  Chen worked as a principal development engineer at Lumileds' San Jose, California headquarters from approximately January 2005 through June 2012.  He is presently employed by ETI as Vice General Manager, by ETI Dalian as Director, and on information and belief, by ETI HK as Vice President.

22.     Defendant Wuhu Elec-Tech Photoelectric Technology Co., Ltd. ("ETI Wuhu") is a company organized and existing in China.  On information and belief, ETI Wuhu is a wholly-owned subsidiary of ETI, and is headquartered at No. 11, We'er'ci Road, Economic Technology Development Zone, WuhuCity An'hui Province, PRC.  On information and belief, ETI Wuhu is in the business of manufacturing, production and sales of LED epitaxial wafers, chips, packaging and lighting products.  Dongming Wang is Executive Director and General Manager of ETI Wuhu.  On

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  information and belief, ETI Wuhu is manufacturing or is planning to manufacture LED products

2  which use, are based on, or which development was benefited by Philips Lumileds' trade secrets.

3      23.    Defendant ETI Yangzhou Photovoltaic Technology Co., Ltd. ("ETI Yangzhou") is a

4  company organized and existing in China.  On information and belief, ETI Yangzhou is a wholly-

5  owned subsidiary of ETI HK, and is headquartered at No. 8, Muyang Road, Hanjiang Economic

6  Development Zone, Yangzhou City, Jiangsu Province, PRC.  On information and belief, ETI

7  Yangzhou is in the business of manufacturing LED epitaxial wafers, LED chips and related

8  products.  Dongming Wang is Executive Director of ETI Yanghzou.  On information and belief, ETI

9  Yangzhou is manufacturing or is planning to manufacture LED products which use, are based on, or

10 which development was benefited by Philips Lumileds' trade secrets.

11     24.    Defendant Dalian Dehao Photovoltaic Technology Co., Ltd. ("ETI Dalian") is a

12 company organized and existing in China.  On information and belief, ETI Dalian Photovoltaic is a

13 subsidiary of ETI, and is headquartered at No. 157, Huaihe East Road, Dalian Economic

14 Development Zone, Liaoning Province, PRC.  On information and belief, ETI Dalian is in the

15 business of manufacturing LED chips and LED lighting products.  Defendants Wang and Chen are

16 Directors of ETI Dalian.  On information and belief, ETI Dalian is manufacturing or is planning to

17 manufacture LED products which use, are based on, or which development was benefited by Philips

18 Lumileds' trade secrets.

19     25.    Defendant Shenzhen Retop LED Display Co., Ltd. ("ETI Retop") is a company

20 organized and existing in China.  On information and belief, ETI Retop is a wholly-owned

21 subsidiary of ETI, and is headquartered at Building D, Chuangjian Second Industrial Zone,

22 Yingrenshi Association, Shiyan Street, Bao'an District, Shenzen City, PRC.  On information and

23 belief, ETI Retop is in the business of production and sales of LED modules, lighting and displays.

24 On information and belief, ETI Retop is selling or is planning to sell LED products in the United

25 States which use, are based on, or which development was benefited by Philips Lumileds' trade

26 secrets.

27     26.    Defendant ETI Solid State Lighting Inc. ("ETI SSL") is an Ohio corporation with its

28 principal place of business located at 26650 Renaissance Parkway, Suite 6, in Cleveland, Ohio

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    44128.  ETI SSL's registered agent for service of process is CSC-Lawyers Incorporating Service

2    (Corporation Service Company), located at 50 West Broad Street, Suite 1800, Columbus, Ohio

3    43215.  ETI SSL was created in 2011 and is a wholly-owned subsidiary of ETI.  ETI SSL markets

4    ETI LED lighting products on its website and on information and belief, sells ETI's LED products

5    throughout the United States, including California.  ETI SSL shares many of the same directors and

6    officers of its parent, including defendant Chan (CEO and Director) and defendant Wang (Director).

7    ETI SSL's President, David Rubin, reports directly to defendant Chan.  ETI SSL's "about us" page

8    on its website discusses only its parent's, ETI's, entry into the LED industry.  On information and

9    belief, ETI SSL is selling or is planning to sell LED products in the United States which use, are

10   based on, or which development was benefited by Philips Lumileds' trade secrets.

11          27.     Defendant ETI LED Solutions, Inc. ("ETI LED") is an Ohio corporation with its

12   principal place of business located at 26650 Renaissance Parkway, Suite 6, in Cleveland, Ohio

13   44128.  ETI LED's registered agent for service of process is CSC-Lawyers Incorporating Service

14   (Corporation Service Company), located at 50 West Broad Street, Suite 1800, Columbus, Ohio,

15   43215.  ETI LED was formed in 2011 and is a wholly-owned subsidiary of ETI.  On information and

16   belief, ETI LED markets and sells ETI's LED products in the United States.  ETI LED also shares

17   many of the same directors and officers of its parent, including defendant Chan (President, CEO and

18   Director) and defendant Wang (Director).  ETI LED's President, David Rubin, reports directly to

19   defendant Chan.  On information and belief, ETI LED is selling or is planning to sell LED products

20   in the United States which use, are based on, or which development was benefited by Philips

21   Lumileds' trade secrets.

22                           **BACKGROUND FACTS**

23                    *Lumileds is a leader in the LED industry*

24          28.     Lumileds provides energy efficient LEDs to commercial, residential, automotive and

25   other markets worldwide.  Lumileds' products are engineered for optimal light quality and

26   unprecedented efficacy at the lowest overall cost.  Lumileds leads the industry in the development

27   and release of increasingly brighter and technically advanced solid-state LED lighting technology,

28

– 8 –

and is recognized as among the top five leaders in LED technology world-wide.  Lumileds' entire business is related to LED technology.

29.     Philips Lumileds' technology enables LEDs to match the brightness of conventional light sources and makes it possible to replace incandescent, halogen and fluorescent bulbs in many products with smaller, longer-lasting and more energy-efficient LEDs.

***Philips Lumileds substantially invests in developing
its trade secret proprietary LED technology***

30.     The core technology for enabling the manufacture of LEDs is called epitaxy technology.  Philips Lumileds leads the LED manufacturing industry based on decades of investment in epitaxy technology.  LED performance is expressed in terms of "wall plug efficiency," which corresponds to the ratio of the amount of light that is emitted divided by the electrical energy supplied.  Lumileds is known in the industry for its leading wall plug efficiency.  Philips Lumileds invests tens of millions of dollars annually to engineer LED products from its proprietary epitaxy processes, which have been developed through decades of its research and development in high performance, high brightness LEDs.

31.     The proprietary epitaxy process – a Philips Lumileds trade secret – involves growing the basic emitting structures for high performance, high brightness LEDs, through the deposition of thin semiconductor layers onto wafers or substrates.  The process is very precise and controlled and key elements of it cannot be reverse-engineered.

32.     An MOCVD reactor is the equipment on which the semiconductor deposition occurs for growing LED epitaxial structures.  Lumileds purchases MOCVD reactors from two suppliers.  One supplier provides MOCVD reactors that are nearly ready-to-use with limited reconfiguration, while reactors provided by the other supplier require significant custom reconfiguration.  These reconfigurations are some of Philips Lumileds' trade secrets developed over time and at great expense.

33.     The instructions for the reactors are called "recipes."  Lumileds has developed numerous epitaxy "recipes," each with approximately 100-150 "steps," as part of its proprietary epitaxy process.  These recipes go back in time and contain the blueprint for the precise information

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 9 –

that must be loaded into the reactors in order to deposit the individual LED layers – they are the instructions for the reactors.  Lumileds' recipes reflect years of layered and iterative development through extensive experimentation and are part of Philips Lumileds' trade secret proprietary epitaxy process.  These recipes that Lumileds uses with MOCVD reactors provide the capability for fabricating mid and high power LEDs.

34.     The specifications and configurations for the reactors, software modifications, supplies of equipment, equipment used to monitor the reactors and clean the parts, data interpretation and measurement tools, are all part of Philips Lumileds' proprietary epitaxy process and are trade secrets.

35.     The strength and value in Philips Lumileds' proprietary epitaxy technology is in its breakthroughs in lumen/watt efficacy, uniformity and consistency, resulting in superior quality, performance and efficiency of Lumileds' LEDs.

36.     Philips Lumileds takes numerous and extensive precautions to protect its trade secrets.

***Lumileds hires Chen***

37.     Chen received a Ph.D. in chemical engineering in 2004 from UCLA.  In January 2005, Chen began his employment with Lumileds as a research engineer, working at Lumileds' San Jose, California headquarters.

38.     As with its other employees, Lumileds required that Chen sign an Agreement Regarding Confidential Information and Proprietary Developments (the "Confidential Information and Proprietary Developments Agreement").  Chen signed the Confidential Information and Proprietary Developments Agreement on January 5, 2005.  Among other things, Chen agreed that he would use Lumileds' trade secrets, confidential business and technical information and know-how not generally known to the public "only in the performance of Lumileds duties"; he would "hold such information in confidence and trust"; and he would "use all reasonable precautions to assure that such information is not disclosed to unauthorized persons or used in an unauthorized manner, both during and after [his] employment with Lumileds."

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

39.     Pursuant to the Confidential Information and Proprietary Developments Agreement, Chen agreed that "[t]he product of all work performed by me during and within the scope of my Lumileds employment including, without limitation, [any] reports, documents, computer programs, devices and models, will be the property of Lumileds."

40.     Further pursuant to the Confidential Information and Proprietary Developments Agreement, Chen agreed that he would not "remove any Lumileds property from Lumileds property without permission," and that "[u]pon termination of my employment with Lumileds, I will return all Lumileds property to Lumileds unless written permission to keep it is obtained."

41.     Chen also acknowledged in writing that he reviewed Philips Lumileds' Ethics and Business Conduct Policy which, among other things, obligated Chen to safeguard Lumileds' confidential and proprietary information, intellectual property and trade secrets, and to not use them for personal gain.

42.     During the course of his employment, Chen performed research and experiments related to Philips Lumileds' confidential and proprietary epitaxy technology and had access to Philips Lumileds' trade secrets.

***ETI enters the LED business, makes large investments in manufacturing equipment, and sets high expectations for aggressive growth***

43.     ETI entered the LED lighting industry in May 2009.  ETI announced in its annual report:  "Almost five years since the company's listing in June 2004, we consider it is time to enter into new and emerging industries in order to reduce the risks of only producing small-scale home appliances.  Our plan for the next five years would be to adhere to home appliance production as our main business, to further build up our brand and invest in research and development in order to expand the market.  At the same time, as a strategic investor, we will also enter the innovative LED industry.  Our aim is to build up home appliance production and LED production as our two major businesses within 3-5 years' time."

44.     ETI began building facilities for LED production and invested hundreds of millions of dollars to purchase the MOCVD reactor equipment needed to manufacture LED chips.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

45.     In July 2010, ETI announced that its wholly-owned Wuhu and Yangzhou subsidiaries, defendants ETI Wuhu and ETI Yangzhou, signed purchase agreements for 130 MOCVD reactors for the approximate equivalent of $337.5 million (USD).  With these purchases, Wang stated that it was ETI's goal "to become one of the top 3 LED companies by output and sales revenue in China within 2 years."  ETI did not have the expertise or knowledge to exploit the MOCVD reactor equipment.

46.     In early 2010, defendant Wang admitted ETI was "incapable of proprietary development" of LED chips, which Wang indicated "are technology enabled."

47.     In May 2011, it was announced that ETI ordered numerous additional reactors for production of high-brightness LEDs at ETI's Wuhu facility.  In connection with this purchase, defendant Wang stated:  "As we have previously stated, our goal is to become one of the top three LED companies by output and sales revenue in China within two years, and we have an aggressive plan to achieve this goal."

48.     In mid-2011, ETI officially established US subsidiaries, on information and belief, for the sale, marketing and distributing of its LEDs in the United States:  ETI SSL and ETI LED.

49.     In October 2011, ETI announced it had entered into a licensing agreement with a major European company to distribute its LEDs in many countries worldwide.

50.     In March 2012, ETI announced it was in talks with one of the world's largest retailers about selling LED products in the United States both directly and through one of ETI's subsidiaries.

51.     Despite these public announcements and its massive investment in reactors and facilities, on information and belief, as late as mid-2012, ETI had failed to achieve minimally acceptable LED performance levels that would allow it to compete in the marketplace.

### ETI solicits trade secrets from former Lumileds employees and demonstrates "thumb drive" culture

52.     In an effort to bypass the significant research and investment necessary to compete with the established industry leaders, ETI, ETI HK, Wang and Chan engaged in a campaign to misappropriate Philips Lumileds' trade secrets.  Several employees recruited from Lumileds were fired or resigned after they refused to share trade secrets of Philips Lumileds.  Another former

1    Lumileds employee who was recruited by ETI was repeatedly expressly asked by Wang to supply

2    him with "Philips like recipes."  This individual resigned rather than disclose Philips Lumileds' trade

3    secrets.

4         53.     In connection with these recruiting activities, employees of ETI and ETI HK,

5    including Wang and Chan, traveled to California to recruit Lumileds employees, conducted

6    recruiting meetings in California with them, and on information and belief, placed telephone calls to

7    and communicated by email with individuals in California.  During one such recruiting mission,

8    Wang, Chan and other ETI executives traveled to California for a meeting with a high-level

9    Lumileds scientist recruit.  Wang told him that ETI's reactors were at extremely low yields and

10   offered him a compensation package of more than twice his annual salary at Lumileds plus millions

11   of dollars in deferred stock and other inducements.  The Lumileds employee declined the offer to

12   join ETI.

13                     *ETI and Wang recruit Chen; Chen misappropriates trade secrets;*
14                     *lies about his new employment; and becomes a senior executive at ETI*

15        54.     In or about 2011, Wang and ETI began directly to recruit Chen to work for ETI.

16        55.     Commencing on or about June 15, 2012 and for several days thereafter, Chen –

17   without Philips Lumileds' authorization or knowledge, and on information and belief, acting as an

18   agent of ETI, ETI HK, Wang, and Chan – used a Philips Lumileds computer at Lumileds' offices in

19   San Jose, California, to copy several thousand files from its secure networks.  These files contain

20   information about Philips Lumileds' proprietary epitaxy technology used in developing its LEDs, as

21   well as other confidential business information.

22        56.     Many of the files Chen copied contained Philips Lumileds' trade secrets.

23   Specifically, Chen copied, among others, files containing the following:  Philips Lumileds' trade

24   secret epitaxy "recipes," failure mode effects analysis data, meeting minutes that contain the details

25   and results of experiments, reactor configurations and related data, weekly data on experiments,

26   wafer fabrication improvement data and information, data from experiments related to improvement

27   of wall plug efficiency, and new product tracking data.  These files (collectively, "Philips Lumileds'

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Proprietary Epitaxy Information") contain the past and future generations of Philips Lumileds' proprietary epitaxy technology.

57.   Chen also copied files containing confidential Philips Lumileds' business information about product launches, projects and strategy ("Philips Lumileds' Confidential Information").

58.   On Friday, June 22, 2012, Chen informed Lumileds that he had decided to "pursue other opportunities outside of Lumileds."  He indicated at his exit interview that he might pursue venture capital advising or university research as potential "opportunities"; he did *not* disclose that he was leaving to work for a competitor – ETI.  Chen later told another former Lumileds employee that before he left Lumileds in June 2012, he had been in discussions with Wang for at least a year.

59.   On information and belief, Chen traveled from California to China with Philips Lumileds' Proprietary Epitaxy Information and Philips Lumileds' Confidential Information, began working at ETI, ETI HK and/or the Other ETI Entities, and disclosed Philips Lumileds' Proprietary Epitaxy Information and Philips Lumileds' Confidential Information to defendants ETI, ETI HK, Wang, Chan and/or the Other ETI Entities.

60.   On information and belief, though only a research engineer when he left Lumileds, once at ETI, Chen was immediately given a team of engineers, dedicated reactors and access to senior management, including Chairman Wang.  Chen was appointed as one of ETI's senior executives in a company with 15,000 employees.  He is ETI's Vice General Manager and Vice President of the central research institute and chief scientist.  On information and belief, he is one of ETI's highest paid executives.

61.   With Philips Lumileds' Proprietary Epitaxy Information, ETI, ETI HK and the Other ETI Entities are able to benefit from Philips Lumileds' confidential know-how.

### ETI claims industry-leading LED performance in an unprecedented amount of time

62.   Though only in the LED business for several years, ETI offers high-powered and highly efficient LEDs that it claims are superior to those developed by Philips Lumileds only after years of research and investment, and ETI has expanded its distribution channels worldwide.

63.   In January 2013, ETI announced that it would release a high-energy LED chip for lighting purposes called "Aurora Borealis" that could achieve a lighting effect of 310 lm/w under a

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1A electricity flow, and 230 1m/w under a 700mA electricity flow, a reported top-ranking standard

within the industry.  ETI anticipated being able to commence mass production of the chips by May

2013.  At the same time, ETI announced that it had released another series of LED chips under the

name of "Galaxy," with a maximum lighting effect beyond 185 1m/w, which it claims has "achieved

international leading level."

64.     ETI further claimed that it "has demonstrated a leading role and an increasingly

competitive edge in the technology, product development and production in the LED arena."

65.     At a lighting trade show in Philadelphia in April 2013, ETI SSL announced a new

line of residential LED lighting products.  Eva Chan, ETI SSL's CEO (and Board member of ETI),

stated that "[t]he addition of the well-known and respected . . . brands, has rounded out ETI's global

branding and marketing roadmap, providing an unparalleled platform for the successful introduction

of our LED lighting products around the world."

66.     In April 2013, ETI announced:  "With Elec-Tech's International Global operations

and resources as well as vertical integration strategy, our customers will see a myriad of high

efficiency LED lighting products introduced to the market this year."

67.     In November 2013, reactor supplier Veeco reported that Chinese LED manufacturers

Sanan and ETI, formerly relegated to low-power LED products, have become players in the mid-

power space, where demand is increasing, particularly in the residential market.

68.     In January 2014, Wang reportedly stated that ETI aims to be one of the top three LED

lighting companies in the world in five to ten years.

**COUNT I – MISAPPROPRIATION OF TRADE SECRETS
UNDER THE CALIFORNIA UNIFORM TRADE SECRET ACT**
(against all defendants)

69.     Paragraphs 1 through 68 are incorporated herein by reference.

70.     This is a cause of action for misappropriation of trade secrets under the California

Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq*., based on the wrongful misappropriation,

use and/or disclosure of Philips Lumileds Proprietary Epitaxy Information by defendants ETI, ETI

HK, Wang, Chan and Chen, and on information and belief, the Other ETI Entities.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

71.     Philips Lumileds Proprietary Epitaxy Information is a trade secret because it derives independent economic value from not being generally known to the public or to others who can obtain economic value from its disclosure or use.

72.     Defendant Chen gained access to Philips Lumileds Proprietary Epitaxy Information in the course of an employee-employer relationship with Lumileds and was under an obligation to maintain the secrecy of Philips Lumileds' trade secret information obtained during his employment with Lumileds and thereafter.

73.     In violation of his obligations to maintain the secrecy of Philips Lumileds' Proprietary Epitaxy Information, on information and belief, Chen disclosed Philips Lumileds' Proprietary Epitaxy Information to defendants ETI, ETI HK, Wang and Chan.

74.     On information and belief, defendants ETI, ETI HK, Wang and Chan gained access to Philips Lumileds' Proprietary Epitaxy Information by accepting it from Chen, knowing that Chen had improperly acquired and/or disclosed it.

75.     Philips Lumileds took reasonable precautions to protect Philips Lumileds' Proprietary Epitaxy Information, and Chen was subject to obligations to maintain its secrecy.

76.     On information and belief, defendants ETI, ETI HK, Wang, Chan and Chen have used and disclosed and continue to use and disclose Philips Lumileds' Proprietary Epitaxy Information without Philips Lumileds' consent or permission, in an attempt to benefit themselves. Further on information and belief, the Other ETI Entities have used, disclosed and/or benefited from Philips Lumileds' Proprietary Epitaxy Information misappropriated by defendants ETI, ETI HK, Wang, Chan and Chen.

77.     On information and belief, defendants ETI, ETI HK, Wang, Chan and Chen have used or disclosed Philips Lumileds' Proprietary Epitaxy Information maliciously and in willful and conscious disregard of the rights of Philips Lumileds.

78.     As a direct and proximate result of defendants ETI, ETI HK, Wang, Chan and Chen's willful, improper, and unlawful use and disclosure of Philips Lumileds' trade secrets, Lumileds has suffered and continues to be damaged.  Lumileds will continue to be irreparably damaged unless

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    defendants are enjoined from further use and disclosure of Philips Lumileds' Proprietary Epitaxy

2    Information.

3          79.    The aforementioned acts of defendants ETI, ETI HK, Wang, Chan and Chen in

4    wrongfully misappropriating Philips Lumileds' trade secrets were and continue to be willful and

5    malicious, warranting an award of exemplary damages, as provided by Civ. Code § 3426.3(c), and

6    an award of attorneys' fees, as provided by Civ. Code. § 3426.4.

7          **COUNT II – VIOLATION OF THE CALIFORNIA COMPREHENSIVE**
           **COMPUTER DATA ACCESS AND FRAUD ACT**

8          **(against defendants ETI, ETI HK, Wang, Chen and Chan)**

9

10         80.    Paragraphs 1 through 68 are incorporated herein by reference.

11         81.    Defendant Chen violated California Comprehensive Computer Data Access and

12    Fraud Act, Cal. Pen. Code § 502(c)(1)(A) by knowingly accessing and without permission using

13    Philips Lumileds' computers, computer systems, peripherals, computer networks, and/or data stored

14    therein to devise and execute a scheme or artifice to defraud, deceive and/or extort.

15         82.    Defendants ETI, ETI HK, Wang and Chan violated California Comprehensive

16    Computer Data Access and Fraud Act, Cal. Pen. Code § 502(c)(1)(A) by knowingly accessing and

17    without permission using Philips Lumileds' computers, computer systems, peripherals, computer

18    networks, and/or data stored therein to devise and execute a scheme or artifice to defraud, deceive

19    and/or extort.  On information and belief, defendants ETI, ETI HK, Wang and Chan took these

20    actions through their agent, defendant Chen, for their benefit and the benefit of the Other ETI

21    Entities.  Defendants ETI, ETI HK, Wang and Chan are jointly liable for their own unlawful acts and

22    those committed by Chen.

23         83.    Defendant Chen violated California Comprehensive Computer Data Access and

24    Fraud Act, Cal. Pen. Code § 502(c)(1)(B) by knowingly accessing and without permission using

25    Philips Lumileds' computers, computer systems, peripherals, computer networks, and/or data stored

26    therein, in order to wrongfully obtain and control Philips Lumileds' data, property and/or other

27    information of monetary value.

28

84.     Defendants ETI, ETI HK, Wang and Chan violated California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502(c)(1)(B) by knowingly accessing and without permission using Philips Lumileds' computers, computer systems, peripherals, computer networks, and/or data stored therein, in order to wrongfully obtain and control Philips Lumileds' data, property and/or other information of monetary value.  On information and belief, defendants ETI, ETI HK, Wang and Chan took these actions through their agent, defendant Chen, for their benefit and the benefit of the Other ETI Entities.  Defendants ETI, ETI HK, Wang and Chan are jointly liable for their own unlawful acts and those committed by Chen.

85.     Defendant Chen violated California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502(c)(2) by knowingly accessing and without permission taking, copying and/or making use of Philips Lumileds' data from Philips Lumileds' computers, computer systems and computer networks.

86.     Defendants ETI, ETI HK, Wang and Chan violated California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502(c)(2) by knowingly accessing and without permission taking, copying and/or making use of Philips Lumileds' data from Philips Lumileds' computers, computer systems and computer networks.  On information and belief, defendants ETI, ETI HK, Wang and Chan took these actions through their agent, defendant Chen, for their benefit and the benefit of the Other ETI Entities.  Defendants ETI, ETI HK, Wang and Chan are jointly liable for their own unlawful acts and those committed by Chen.

87.     Defendant Chen violated California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502(c)(3) by knowingly and without permission using or causing to be used Philips Lumileds' computer services.

88.     Defendants ETI, ETI HK, Wang and Chan violated California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502(c)(3) by knowingly and without permission using or causing to be used Philips Lumileds' computer services.  On information and belief, defendants ETI, ETI HK, Wang and Chan took these actions through their agent, defendant Chen, for their benefit and the benefit of the Other ETI Entities.  Defendants ETI, ETI HK, Wang and Chan are jointly liable for their own unlawful acts and those committed by Chen.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

89.     Defendant Chen violated California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502(c)(7) by knowingly and without permission accessing or causing to be accessed Philips Lumileds' computers, computer systems, and/or computer networks.

90.     Defendants ETI, ETI HK, Wang and Chan violated California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502(c)(7) by knowingly and without permission accessing or causing to be accessed Philips Lumileds' computers, computer systems, and/or computer networks.  On information and belief, defendants ETI, ETI HK, Wang and Chan took these actions through their agent, defendant Chen, for their benefit and the benefit of the Other ETI Entities.  Defendants ETI, ETI HK, Wang and Chan are jointly liable for their own unlawful acts and those committed by Chen.

91.     On information and belief, defendants ETI, ETI HK, Wang, Chan and Chen conspired to commit acts which constitute violations of the California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502 *et seq.*  On information and belief, defendants ETI, ETI HK, Wang, Chan and Chen entered into an agreement to accomplish an unlawful purpose or accomplish a lawful purpose by unlawful means with full knowledge of each other's actions.  In particular, on information and belief, defendants ETI, ETI HK, Wang, Chan and Chen had an agreement amongst themselves to use and access Philips Lumileds' computers, computer systems, computer networks, and/or data stored therein without permission in violation of California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502 *et seq.* for the purpose of bypassing the time, effort, and expense required for defendants to develop, market, distribute, and sell high performing LED products.

92.     On information and belief, defendants ETI, ETI HK, Wang, Chan and Chen formed and operated a conspiracy to use and access Philips Lumileds' computers, computer systems, computer networks, and/or data stored therein without permission in violation of California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502 *et seq.* for the purpose of bypassing the time, effort, and expense required for defendants to develop, market, distribute, and sell high performing LED products.  As described in herein, defendants ETI, ETI HK, Wang, Chan and Chen engaged in wrongful conduct in furtherance of the conspiracy.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

93.     Defendants' unauthorized access and use has damaged and caused loss to Philips Lumileds.

94.     Defendants acted with oppression, fraud, and malice, warranting an award of punitive damages in addition to the actual damages suffered by Philips Lumileds as provided by Cal. Pen. Code § 502(e)(4), an award of reasonable attorneys' fees pursuant to Cal. Pen. Code § 502(e)(2), and as a result of the damage, losses, and harm caused to Philips Lumileds, an award of compensatory damages pursuant to Cal. Pen. Code § 502(e)(1).

95.     Defendants' conduct also caused irreparable and incalculable harm and injuries to Philips Lumileds, and unless enjoined, will cause further irreparable and incalculable injury, for which Philips Lumileds has no adequate remedy at law.

**COUNT III – CONVERSION**
**(against defendants ETI, ETI HK, Wang, Chan and Chen)**

96.     Paragraphs 1 through 68 are incorporated herein by reference.

97.     Philips Lumileds has a right to possess Philips Lumileds' Confidential Information.

98.     Defendants ETI, ETI HK, Wang, Chan and Chen have willfully interfered with Philips Lumileds' ownership and possessory right to such property, without lawful justification, with every intention of exercising those rights as though they were theirs.  Defendants' intent to exercise dominion and control over Philips Lumileds' property is incompatible with, and invasive of, Philips Lumileds' rights and has deprived Philips Lumileds of its ability to exclusively use and possess such property.

99.     Philips Lumileds has been damaged as a result of defendants' actions.

100.    Philips Lumileds is entitled to damages, the nature and extent of which will be proved at trial.

101.    The aforementioned acts of defendants ETI, ETI HK, Wang, Chan and Chen were and continue to be willful, oppressive, fraudulent, and malicious, warranting an award of punitive damages in addition to the actual damages suffered by Philips Lumileds.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## COUNT IV – BREACH OF FIDUCIARY DUTY
### (against defendant Chen)

102. Paragraphs 1 through 68 are incorporated herein by reference.

103. As an employee of Lumileds and pursuant to his agreement to maintain the confidentiality and secrecy of Philips Lumileds' Proprietary Epitaxy Information and Philips Lumileds' Confidential Information, Chen was entrusted with maintaining a variety of Philips Lumileds' confidential information. Accordingly, Chen owed Philips Lumileds a duty of loyalty. Chen breached his duty of loyalty by the actions described above.

104. As a direct and proximate result of Chen's breach of his duty of loyalty, Philips Lumileds has suffered, and will continue to suffer substantial monetary damages in an amount to be proven at trial.

105. As a condition of his employment with Lumileds, Philips Lumileds entrusted Philips Lumileds' Proprietary Epitaxy Information and Philips Lumileds' Confidential Information to Chen and reposed confidence in him that he would not disclose the information or use it for his own personal gain. The trust and confidence Philips Lumileds reposed in Chen gave rise to a fiduciary duty not to disclose Philips Lumileds' Proprietary Epitaxy Information and Philips Lumileds' Confidential Information or use it for personal gain.

106. By copying and disclosing Philips Lumileds' Proprietary Epitaxy Information and Philips Lumileds' Confidential Information to at least ETI, ETI HK, Wang and Chen, without Philips Lumileds' knowledge and consent, Chen breached his fiduciary duty to Philips Lumileds.

107. As a proximate result of Chen's breach of his duty of loyalty to Philips Lumileds, Philips Lumileds has been injured and is entitled to damages in an amount to be proven at trial.

108. Philips Lumileds is entitled to an award of punitive and exemplary damages against Chen sufficient to deter and punish him from engaging in such conduct in the future, in an amount to be determined at trial.

## COUNT V – BREACH OF CONTRACT
### (brought by Lumileds against defendant Chen)

109. Paragraphs 1 through 68 are incorporated herein by reference.

– 21 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

110.     Pursuant to the Confidential Information and Proprietary Developments Agreement, Chen had an obligation to use Lumileds' confidential and proprietary information only in the performance of Lumileds duties; to hold such information in confidence and trust; to use all reasonable precautions to assure that such information is not disclosed to unauthorized persons or used in an unauthorized manner, both during and after his employment with Lumileds ended; to not remove any Lumileds property from Lumileds premises without permission; and to return all Lumileds property to Lumileds upon termination of employment.

111.     The foregoing covenants in the Confidential Information and Proprietary Developments Agreement were intended and necessary to protect Lumileds' legitimate business interest in its goodwill and confidential information.

112.     The Confidential Information and Proprietary Developments Agreement is a valid and enforceable contract between Lumileds and Chen.

113.     Defendant Chen breached the Confidential Information and Proprietary Developments Agreement by using Philips Lumileds' confidential and proprietary information for his own benefit, including Philips Lumileds' Proprietary Epitaxy Information and Philips Lumileds' Confidential Information, and refusing to return Philips Lumileds' confidential and proprietary information to Lumileds upon termination.

114.     Chen continues wrongfully to retain Philips Lumileds' confidential and proprietary information.

115.     On information and belief, Chen has wrongfully utilized or disclosed Philips Lumileds' confidential and proprietary information in the course of his employment with ETI.

116.     Lumileds has fully performed all of its obligations and satisfied all conditions for performance under the Confidential Information and Proprietary Developments Agreement.

117.     Defendant Chen has willfully and with conscious disregard for the contractual obligations owed to Lumileds, breached the Confidential Information and Proprietary Developments Agreement.

118.     Unless restrained and enjoined by the Court, defendant Chen will continue to breach the Confidential Information and Proprietary Developments Agreement.

119.     As a foreseeable, direct and proximate result of Chen's breach of contract, Lumileds has suffered irreparable injury to its rights and pecuniary damages.  Lumileds will continue to suffer such injury, loss, and damage unless and until Chen is required to return Philips Lumileds' confidential information, and enjoined from further use and disclosure of Philips Lumileds' confidential information.

120.     Defendant Chen has derived and received and will continue to derive and receive from the aforementioned breach of contract, gains, profits and advantages, many of which are not known to Lumileds.

121.     Lumileds is entitled to injunctive relief as well as damages, the nature and extent of which will be proved at trial.

## COUNT VI – INDUCING BREACH OF FIDUCIARY DUTY
### (against ETI, ETI HK, Wang and Chan)

122.     Paragraphs 1 through 68 are incorporated herein by reference.

123.     By virtue of his non-disclosure agreement, his status as an employee of Lumileds, and the trust and confidence Philips Lumileds reposed in Chen in entrusting its confidential and proprietary information to him, including Philips Lumileds' Proprietary Epitaxy Information and Philips Lumileds' Confidential Information, Chen owed Philips Lumileds a fiduciary duty not to disclose the confidential and proprietary information he learned while working at Lumileds.

124.     On information and belief, ETI, ETI HK, Wang and Chan knew of the existence of these non-disclosure agreements and of the fiduciary duties owed to Philips Lumileds.

125.     On information and belief, ETI, ETI HK, Wang and Chan intended to cause, and in fact caused, Chen to breach his fiduciary duty by encouraging him to disclose Philips Lumileds' proprietary business information.

126.     As a direct and proximate result of ETI, ETI HK, Wang and Chan's inducing Chen to breach his fiduciary duties, Philips Lumileds has been damaged in an amount to be proven at trial.

## COUNT VII – INDUCING BREACH OF CONTRACT
### (brought by Lumileds against ETI, ETI HK, Wang and Chan)

127.     Paragraphs 1 through 68 are incorporated herein by reference.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

128.     Defendant Chen signed a valid and binding non-disclosure agreement prohibiting him from, among other things, disclosing or exploiting proprietary business information.

129.     On information and belief, ETI, ETI HK, Wang and Chan knew that Lumileds employees, including Chen, had non-disclosure agreements and that such agreements are customary in the industry.

130.     On information and belief, the ETI, ETI HK, Wang and Chan intended to cause, and in fact caused, Chen to breach these non-disclosure agreements by encouraging Chen to disclose Philips Lumileds' trade secrets and other proprietary business information.

131.     As a direct and proximate result of ETI, ET HK, Wang and Chan's inducing Chen to breach his non-disclosure agreements, Lumileds has been damaged in an amount to be proved at trial.

132.     This knowing and purposeful disregard for Lumileds' rights under the non-disclosure agreements is oppressive and malicious.  On information and belief, the officers, directors or managing agents of ETI and ETI HK, including Wang and Chan, had advance knowledge of these oppressive and malicious acts and consciously disregarded them or authorized, ratified, or perpetrated the oppressive and malicious acts themselves.  As a result of such conduct, Lumileds is entitled to punitive damages pursuant to California Civil Code § 3294 in an amount to be proven at trial.

### COUNT VIII – UNFAIR COMPETITION
**(against all defendants)**

133.     Paragraphs 1 through 68 are incorporated herein by reference.

134.     This is a cause of action for Unfair Competition under California Business and Professions Code § 17200, *et seq.* and common law.

135.     The acts of defendants alleged herein, including but not limited to unauthorized use of Philips Lumileds' Proprietary Epitaxy Information and Philips Lumileds' Confidential Information; unauthorized access and use of Philips Lumileds' computers, computer systems and computer networks; breach of fiduciary duty and contract and/or inducement, were done and are continued to

be utilized by defendants ETI, ETI HK, Wang, Chan and Chen, and on information and belief, by the Other ETI Entities, for their own purposes and adversely to the interests of Philips Lumileds.

136.    The acts of defendants alleged herein constitute unlawful, unfair, and fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.* and common law unfair competition.

137.    As a direct and proximate cause of defendants' willful, improper, and unlawful conduct, defendants have been unjustly enriched and Philips Lumileds has suffered and continues to suffer harm and damage.  Philips Lumileds will continue to be irreparably damaged unless defendants are enjoined from further committing unfair and unlawful business practices against Philips Lumileds.

## COUNT IX – COMMON LAW MISAPPROPRIATION
### (against all defendants)

138.    Paragraphs 1 through 68 are incorporated herein by reference.

139.    Philips Lumileds has invested substantial time and money in the development of its intellectual property and proprietary information, such as the Philips Lumileds' Confidential Information.

140.    Defendants ETI, ETI HK, Wang, Chan and Chen, and on information and belief, the Other ETI Entities, have appropriated Philips Lumileds' property at little or no cost to them.

141.    Philips Lumileds has suffered and continues to suffer harm and damage.  Philips Lumileds will continue to be irreparably damaged unless defendants ETI, ETI HK, Wang, Chan and Chen, and on information and belief, the Other ETI Entities, are enjoined from further misappropriation of Philips Lumileds' Confidential Information.

142.    The aforementioned acts of defendants ETI, ETI HK, Wang, Chan and Chen were and continue to be willful, oppressive, fraudulent, and malicious, warranting an award of punitive damages and any other such relief that may be available to Philips Lumileds.

## COUNT X – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT
### (against defendants ETI, ETI HK, Wang, Chan and Chen)

143.    Paragraphs 1 through 68 are incorporated herein by reference.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 25 –

144.    Defendant Chen has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), by intentionally accessing a computer used for interstate commerce or communication, without authorization and by exceeding authorized access to such a computer and by obtaining information from such a protected computer, and so causing damage.

145.    Defendants ETI, ETI HK, Wang and Chan have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), by intentionally accessing a computer used for interstate commerce or communication, without authorization and by exceeding authorized access to such a computer and by obtaining information from such a protected computer, and so causing damage.  On information and belief, defendants ETI, ETI HK, Wang and Chan took these actions through their agent, defendant Chen, for their benefit and the benefit of the Other ETI Entities.  Defendants ETI, ETI HK, Wang and Chan are jointly liable for their own unlawful acts and those committed by Chen.

146.    Defendant Chen has violated the Computer Fraud and Abuse Act by, 18 U.S.C. § 1030(a)(4), by knowingly, and with the intent to defraud Philips Lumileds, accessing a protected computer, without authorization or by exceeding authorized access to such a computer, and, by means of such conduct, furthered his intended fraud and obtained one or more things of value, including but not limited to Philips Lumileds' Proprietary Epitaxy Information.

147.    Defendants ETI, ETI HK, Wang and Chan have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4), by knowingly, and with the intent to defraud Philips Lumileds, accessing a protected computer, without authorization or by exceeding authorized access to such a computer, and, by means of such conduct, furthered their intended fraud and obtained one or more things of value, including but not limited to Philips Lumileds' Proprietary Epitaxy Information.  On information and belief, defendants ETI, ETI HK, Wang and Chan took these actions through their agent, defendant Chen, for their benefit and the benefit of the Other ETI Entities.  Defendants ETI, ETI HK, Wang and Chan are jointly liable for their own unlawful acts and those committed by Chen.

148.    Defendant Chen has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5), by intentionally accessing a protected computer beyond the scope of the authorization

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 26 –

granted, causing damage and loss to Philips Lumileds, recklessly or without due regard for his actions.

149.    Defendants ETI, ETI HK, Wang and Chan have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5), by intentionally accessing a protected computer beyond the scope of the authorization granted, causing damage and loss to Philips Lumileds, recklessly or without due regard for their actions.  On information and belief, defendants ETI, ETI HK, Wang and Chan took these actions through their agent, defendant Chen, for their benefit and the benefit of the Other ETI Entities.  Defendants ETI, ETI HK, Wang and Chan are jointly liable for their own unlawful acts and those committed by Chen.

150.    On information and belief, defendants ETI, ETI HK, Wang, Chan and Chen conspired to commit acts which constitute violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*  On information and belief, defendants ETI, ETI HK, Wang, Chan and Chen entered into an agreement to accomplish an unlawful purpose or accomplish a lawful purpose by unlawful means with full knowledge of each other's actions.  In particular, on information and belief, defendants ETI, ETI HK, Wang, Chan and Chen had an agreement amongst themselves to access and use Philips Lumileds' computers, computer systems, and computer networks without authorization, for the purpose of bypassing the time, effort, and expense required for defendants to develop, market, distribute, and sell high-performing LED products.

151.    On information and belief, defendants ETI, ETI HK, Wang, Chan and Chen formed and operated a conspiracy to access and use Philips Lumileds' computers, computer systems, and computer networks without authorization for the purpose of bypassing the time, effort, and expense required for defendants to develop, market, distribute, and sell high-performing LED products.  As described in herein, defendants ETI, ETI HK, Wang, Chan and Chen engaged in wrongful conduct in furtherance of the conspiracy.

152.    The computer system or systems that defendants ETI, ETI HK, Wang, Chan and Chen accessed as described above constitute a "protected computer" within the meaning of 18 U.S.C. § 1030(e)(2)(B).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

153.   This action is authorized by 18 U.S.C. § 1030(g), which provides that any "person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." Pursuant to 18 U.S.C. §§ 1030(g), 1030(a)(2)(C), and 1030(c)(4)(A)(i)(I), a civil action may be brought if the conduct involves a loss during any one-year period aggregating at least $5,000 in value or a threat to public health or safety.

154.   Philips Lumileds has been harmed by these violations, and its harm includes, without limitation, harm to Philips Lumileds' data, programs, and computer systems and impairment of the integrity and availability of data, programs, systems or information.  Philips Lumileds has further suffered damage and loss through the cost of responding to the offenses, including conducting damages assessments and restoring data, programs, systems and/or information to its condition prior to the offenses.  These, as well as other losses and damages in an amount to be determined at trial, are in excess of $5,000 aggregated over a one-year period.[1]

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs Koninklijke Philips N.V. and Philips Lumileds Lighting Company LLC respectfully request the following relief:

1.   A judgment that the defendants are liable on all causes of action alleged herein;

2.   Actual damages;

3.   Exemplary damages;

4.   Pre-judgment and post-judgment interest;

5.   Attorneys' fees, costs and expenses;

6.   Preliminary and permanent injunctive relief pursuant to which the defendants, and each of them, and their employees, or representatives, and all persons acting in concert or

---

[1] There is a Circuit split on the scope of liability under the CFAA.  *Compare, e.g., LVRC Holdings, LLC v. Breka*, 581 F.3d 1127 (9th Cir. 2009) and *United States v. Nosal*, 676 F.3d 854 (9th Cir. 2012) *with Int'l Airport Ctrs., L.L.C. v. Citrin*, 440 F.3d 418 (7th Cir. 2006); *EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 582-84 (1st Cir. 2001).  Plaintiffs recognize that the Ninth Circuit's interpretation is narrower than the other cases cited above, but note that the Supreme Court has not resolved this conflict, and that the law in this Circuit may evolve during the pendency of this case.

participating with them are ordered, enjoined, or restrained, directly or indirectly, by any means whatsoever, as follows:

(a)     From manufacturing, making, distributing, marketing, offering to sell or selling products that utilize, embody, or were developed using Philips Lumileds' trade secrets to California customers, or to other customers through any sales, marketing or other activities conducted in California;

(b)     From disclosing or using Philips Lumileds' trade secret information in or through activities conducted in or through California;

(c)     From disclosing or using anywhere Philips Lumileds' trade secret information or information derived therefrom;

(d)     From disclosing or using anywhere any Philips Lumileds' information or information derived therefrom;

(e)     From offering to sell or selling to anyone, anywhere, any products that use any Philips Lumileds' information, or information derived therefrom, including without limitation, Philips Lumileds' trade secret information, and specifically, Philips Lumileds' Proprietary Epitaxy Information;

(f)     Immediately preserving and returning to Philips Lumileds (i) all copies of all Philips Lumileds' documents and information, including without limitation any trade secret and other confidential or proprietary information acquired directly or indirectly from Philips Lumileds; and (ii) all copies of all materials (in paper, electronic, or any other form) containing any, or derived from any, Philips Lumileds' information, trade secrets or other confidential or proprietary information; and

(g)     Turning over to the Court any proceeds that defendants have received from their misappropriation of Philips Lumileds' trade secrets and other unlawful conduct, such proceeds to be held in constructive trust until the conclusion of this litigation;

(h)     Costs of court; and

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1      (i)       All such other relief that the Court deems just and proper.

2                                     **<u>JURY DEMAND</u>**

3  Plaintiffs request a trial by jury on all issues so triable.

4

5

6  DATED:  June 12, 2014            REED SMITH LLP

7

8                            By: <u>/s/ *William R. Overend*</u>

Steven A. Miller (IL SBN 3125365)
(*Pro hac vice application to be filed*)
Email: samiller@reedsmith.com
Brian D. Roche (IL SBN 6183795)
(*Pro hac vice application to be filed*)
Email: broche@reedsmith.com
Jennifer Y. DePriest (IL SBN 6272137)
(*Pro hac vice application to be filed*)
Email: jdepriest@reedsmith.com
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

William R. Overend (CA SBN 180209)
Email: woverend@reedsmith.com
Kirin K. Gill (CA SBN 259968)
Email: kgill@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Plaintiffs
Koninklijke Philips N.V. and Philips Lumileds
Lighting Company LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

COMPLAINT