UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ELEC-TECH INTERNATIONAL CO., LTD., et al.,<br><br>Defendants. | Case No. 14-cv-02737-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Re: ECF 84] |

## I.   INTRODUCTION AND LEGAL STANDARD

Plaintiffs move to file a number of documents under seal, in full or in part. Specifically, Plaintiffs move to seal: (1) portions of their opposition to the motion to dismiss for lack of subject matter jurisdiction; (2) the entirety of exhibits 1-34 and 39-50 to the James Declaration in support of the opposition to the subject matter jurisdiction motion; (3) portions of their opposition to the motion to dismiss for lack of personal jurisdiction; (4) the entirety of exhibits 1-34 and 39-50 of the James Declaration in support of the opposition to the personal jurisdiction motion;[1] (5) the entirety of exhibits 1 and 2 of the Munkholm Declaration in support of the opposition to the personal jurisdiction motion; and (6) exhibit 1 of the Craven Declaration in support of the opposition to the personal jurisdiction motion.

Counsel for Defendants filed a declaration stating a basis for nearly all of the sealing requests sought by Plaintiffs. *See* Chan Decl. at 1- 11 (a chart describing the specific foundation for each sealing request). The Chan Declaration, however, does not include any basis for sealing exhibits 34, 49, or 50 of the James Declarations. *See id.*

---

[1] Exhibits 1-34 and 39-50 to both James Declarations are identical. *See* ECF 88-7; ECF 91-7.

The Court has engaged in an individualized examination of each sealing request to determine if it comports with the law of this circuit and this district's Civil Local Rules. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (holding that a party must make a "particularized showing" of good cause for each individual document it seeks to seal); *see also In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning [are insufficient].").

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 1178. Two standards govern motions to seal documents, a "compelling reasons" standard, which applies to most judicial records, and a "good cause" standard, which applies to "private materials unearthed during discovery." *Cf. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). A party that seeks to seal portions of a motion to dismiss, or any documents filed in support or in opposition to that motion, must meet the "compelling reasons" standard articulated in *Phillips*.

For the reasons outlined below, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' request to file these documents, or portions thereof, under seal.

## II. DISCUSSION

### A. Exhibits 1-34 and 39-50 to the James Declarations

These exhibits, which Plaintiffs seek to seal in their entirety, include a series of emails containing information about Elec-Tech's business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers. *See* Exhs. 1-7, 10-20, 23-25, 28-32, 39-42, 44-48. These exhibits also include several contracts that include the confidential terms and conditions of employment for certain Elec-Tech employees. *See* Exhs. 8-9, 21-22, 43.

The Chan Declaration states that the disclosure of these emails and contracts would publicize highly sensitive and confidential business information, which would result in substantial competitive harm to Elec-Tech. *See* Chan Decl. ¶ 4. This information could inform competitors of Elec-Tech's non-public recruitment efforts, as well as inform its competitors of its non-public attempts to develop new business relationships with other LED designers and manufacturers. *See*

2

*id.* at ¶ 5.

The Court finds that the sealing request for exhibits 1-32 and 39-48 to the James Declaration meets the "compelling reasons" standard articulated by *Phillips*, and due to the nature of the documents, and the significant amount of non-public confidential information contained in them, that Plaintiffs' request is sufficiently narrowly tailored in conformance with Civil Local Rule 79-5(d)(1)(C). The Court therefore GRANTS Plaintiffs' request to seal these exhibits.

Plaintiffs' request to seal exhibits 33, 34, 49, and 50, however, is insufficient for several reasons. Neither exhibit 33 or 34 is a sensitive email or contract. Rather, both are simply printouts from corporate websites – exhibit 33 regarding Elec-Tech's history, and exhibit 34 regarding the production facilities for a company called Retop LED Display Co., Ltd. This is despite Ms. Chan's declaration describing exhibit 33 as an "Email containing confidential and sensitive business information concerning [Elec-Tech's] non-public recruiting efforts." Chan Decl., ECF 97 at 8. The Chan Declaration does not provide any rationale for sealing exhibit 34. Plaintiff also requests to seal exhibit 49, which is Plaintiffs' first set of requests for production of documents. Defendants do not provide a rationale in favor of sealing this document, and have publicly filed a non-redacted version of the document. *See* ECF 90-10. None of these three exhibits – 33, 34, and 49 – meet *Phillips'* "compelling reasons" standard, and the Court therefore DENIES Plaintiffs' request to seal these three exhibits.

Plaintiffs further seek to file exhibit 50 under seal. The Chan Declaration, however, fails to articulate any specific rationale in support of sealing the exhibit. *See* Chan Decl. at 10. Though much of the document is written in Chinese, the exhibit seems to be a series of emails regarding an employment contract, similar to the other employment contracts in the James Declarations that the Court has ordered sealed. Because the Chan Declaration fails to provide a particularized showing as to why this document should be sealed, however, the Court DENIES the request to seal exhibit 50, without prejudice. *See Kamakana* at 1180.

### B. Exhibits 1 and 2 to the Munkholm Declaration

The two exhibits to the Munkholm Declaration that Plaintiffs request to seal in their entirety consist of contracts regarding the terms and conditions of employment, as well as

3

information regarding non-public recruitment efforts and business practices of Elec-Tech. Defendants contend that public disclosure of these employment contracts would result in the same harm as would disclosure of the employment contracts filed as exhibits to the James Declarations. *Cf.* Chan Decl. ¶ 4.

The Court finds that this sealing request meets the "compelling reasons" standard articulated in *Phillips*, for the same reasons offered above regarding the exhibits to the James Declarations, and thus GRANTS Plaintiffs' request to file these two exhibits under seal.

### C. Exhibit 1 to the Craven Declaration

This exhibit, which Plaintiffs request to seal in its entirety, also consists of a contract containing confidential information regarding terms and conditions of employment at Elec-Tech, as well as including confidential and sensitive information regarding the company's business practices and recruitment efforts. Defendants contend that public disclosure of this employment contract would result in the same harm as the employment contracts filed as exhibits with the James Declarations. *See* Chan Decl. ¶ 4.

The Court finds that this sealing request meets the "compelling reasons" standard articulated in *Phillips*, for the same reasons offered above regarding the James Declaration exhibits, and thus GRANTS Plaintiffs' request to file the exhibit under seal.

### D. Portions of the Oppositions to the Motions to Dismiss

Plaintiffs request that portions of their oppositions to the motions to dismiss for lack of subject matter jurisdiction and personal jurisdiction also be filed under seal. *See* James Decl. at 2.

The Chan Declaration provides ample reasons why these references to the sealed exhibits should be redacted: disclosure of this private, confidential business information could harm Elec-Tech's recruitment efforts and could provide its competitors with confidential information regarding its attempts to forge new commercial relationships with other LED designers, developers, and manufacturers. *See, e.g.*, Chan Decl. ¶ 5. The Court has reviewed the redactions sought by Plaintiffs, and finds that Plaintiffs seek to seal only as much information as is necessary to protect Elec-Tech's confidential and proprietary information, consistent with Civil Local Rule 79-5(d)(1)(C). The Court therefore GRANTS Plaintiffs' request to file portions of both

oppositions under seal, as outlined in the James Declaration to the Motion to Seal. *See* ECF 84-1 at 2.

### III. ORDER

1. Plaintiffs' request to file under seal exhibits 1-32 and 39-48 to the James Declarations, as well as exhibits 1 and 2 to the Munkholm Declaration and exhibit 1 to the Craven Declaration, is GRANTED.

2. Plaintiffs' request to file under seal exhibits 33, 34, and 49 to the James Declarations is DENIED.

3. Plaintiffs' request to file under seal exhibit 50 to the James Declarations is DENIED WITHOUT PREJUDICE, pending a particularized showing that the document should be sealed.

4. Plaintiffs' request to partially redact the opposition to the motion to dismiss for lack of subject matter jurisdiction is GRANTED.

5. Plaintiffs' request to partially redact the opposition to the motion to dismiss for lack of personal jurisdiction is GRANTED.

**IT IS SO ORDERED.**

Dated: February 10, 2015

_____
BETH LABSON FREEMAN
United States District Judge

5