UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| KONINKLIJKE PHILIPS N.V., et al., Plaintiffs, v. ELEC-TECH INTERNATIONAL CO., LTD., et al., Defendants. | Case No. 14-cv-02737-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO FILE PORTIONS OF THE MARCH 12, 2015 HEARING TRANSCRIPT UNDER SEAL**<br><br>[Re: ECF 126] |
|---|---|

On March 12, 2015, the parties in the above-captioned action appeared for oral argument on Defendants' motion to dismiss. Thereafter, on March 25, Defendants provided notice that they intended to request redaction of the hearing transcript because the parties and Court discussed at the hearing information that had been filed under seal. *See* ECF 124. Before the Court is Defendants' motion to file eleven portions of the hearing transcript under seal:

| Document | Portion of Document Sought to Be Sealed |
|---|---|
| Hearing Transcript | 24:19-23 |
| Hearing Transcript | 27:3-14 |
| Hearing Transcript | 33-10-24 |
| Hearing Transcript | 34:1-6 |
| Hearing Transcript | 34:7-15 |
| Hearing Transcript | 34:16-36:22 |
| Hearing Transcript | 37:3-24 |
| Hearing Transcript | 38:9-40:7 |
| Hearing Transcript | 47:18-52:1 |
| Hearing Transcript | 52:19-54:22 |
| Hearing Transcript | 58:11-60:1 |

Plaintiffs oppose the sealing request, arguing that the redaction requests are overbroad and discuss mostly information that is already a part of the public record. For the reasons below, the Court disagrees with Plaintiffs and GRANTS Defendants' motion.

Courts recognize a "general right to inspect and copy public records and documents,

including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal documents, a "compelling reasons" standard, which applies to most judicial records, and a "good cause" standard, which applies to "private materials unearthed during discovery." *Cf. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). A party that seeks to seal portions of a public hearing transcript must meet the "compelling reasons" standard.

Defendants argue that the portions of the transcript they seek to seal "reveal or reflect information derived from exhibits previously ordered to be filed under seal," Mot. at 1, referencing this Court's February 10, 2015 Order sealing various exhibits submitted with Defendants' motions to dismiss. *See* Sealing Order, ECF 98. Plaintiffs make several arguments in response. First, Plaintiffs argue that the information Defendants seek to seal is not the confidential information sealed by the Court, but rather includes non-confidential information derived from those exhibits. Second, Plaintiffs argue that Defendants cannot rely on the Court's prior rulings or prior declarations submitted in support of their motions as the basis for the requested sealing. Third, Plaintiffs argue that Defendants have not identified any competitive harm that would result from the public disclosure of the specific information at issue. Fourth, Plaintiffs argue that the information Defendants seek to seal "consists largely of . . . publicly available information." Opp., ECF 129 at 3. The Court ultimately finds these arguments unpersuasive.[1]

First, the Court has reviewed the specific portions of the transcript Defendants seek to seal, and finds that the information contained within those portions of the transcript directly reference information contained within the exhibits the Court has previously ordered sealed. Specifically, the requested sealing discusses confidential contracts and contractual negotiations between Elec-Tech and Mr. Chen, one of the individual Defendants, including alleged monetary figures, dates, and the purported business relationship between them. The Court ordered sealed the exhibits

---

[1] Defendants moved for leave to file a reply brief, *see* ECF 131, and sought to file that reply brief under seal, ECF 132. This district's Civil Local Rules do not contemplate the filing of a reply brief in support of a motion for administrative relief. *See* Civil L.R. 7-11(c) ("[A] Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due."). The Court DENIES Defendants' request to file a reply brief in support of the motion.

1   which contained this information in its February 10, 2015 sealing order. Second, Defendants have
2   already made a sufficient showing that there are compelling reasons to seal the information
3   contained in those sealed exhibits, through the Declaration of Eva Chan submitted alongside its
4   motion to seal the exhibits. The Court has already found that this information meets *Phillips'*
5   standard for sealing. *See* ECF 98 at 2-4. This Chan Declaration also identifies the competitive
6   harm that Defendants would suffer were this information made publicly available. *See generally*
7   Chan Decl., ECF 97. Finally, the Court disagrees with Plaintiffs that Defendants are seeking to
8   seal mostly publicly available information. Defendants have narrowly identified the portions of the
9   transcript they seek to seal – the proposed redactions only encompass as much information in the
10  transcript as necessary to keep this information about monetary figures, the contract terms, and the
11  relationship between the parties, from public view. As such, the Court also finds that the
12  redactions are narrowly tailored consistent with Civil Local Rule 79-5(d)(1)(C).

13        Plaintiffs insist that the information at hand here is a part of the public record of this case.
14  However, the Court and parties discussed this factual information at oral argument in the context
15  of the exhibits Defendants filed along with the motions to dismiss – exhibits the Court has found
16  met *Phillips'* compelling reasons standard for sealing. As such, the Court GRANTS Defendants'
17  motion to seal, and ORDERS SEALED the following portions of the hearing transcript:

| Document | Portion of Document Sought to Be Sealed |
|---|---|
| Hearing Transcript | 24:19-23 |
| Hearing Transcript | 27:3-14 |
| Hearing Transcript | 33-10-24 |
| Hearing Transcript | 34:1-6 |
| Hearing Transcript | 34:7-15 |
| Hearing Transcript | 34:16-36:22 |
| Hearing Transcript | 37:3-24 |
| Hearing Transcript | 38:9-40:7 |
| Hearing Transcript | 47:18-52:1 |
| Hearing Transcript | 52:19-54:22 |
| Hearing Transcript | 58:11-60:1 |

**IT IS SO ORDERED.**

Dated: April 27, 2015

_____
BETH LABSON FREEMAN
United States District Judge