1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Claude M. Stern (SBN 96737)
2   Michael D. Powell (SBN 202850)
   555 Twin Dolphin Dr., 5th Floor
3  Redwood Shores, CA  94065
   Tel. 650-801-5000
4  Fax 650-801-5100

5  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Minyao Wang (admitted *pro hac vice*)
6  51 Madison Ave., 22nd Floor
   New York, NY 10010
7  Tel. 212-849-7000
   Fax 212-849-7100

8  Attorneys for Defendants.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Koninklijke Philips N.V. and Philips Lumileds Lighting Company LLC,<br><br>             Plaintiff,<br>    vs.<br><br>Elec-Tech International Co., Ltd., Elec-Tech International (H.K.) Co., Ltd., Wuhu Elec-Tech Photoelectric Technology Co., Ltd., ETI Yangzhou Photovoltaic Technology Co., Ltd., Dalian Deheo Photovoltaic Technology Co., Ltd., Shenzhen Retop LED Display Co., Ltd., ETI Solid State Lighting Inc., ETI LED Solutions Inc., Donglei Wang, Eva Chan, and Gangyi Chen,<br><br>             Defendants. | CASE NO. 5:14-CV-02737-BLF<br><br>**DECLARATION OF MICHAEL D. POWELL IN SUPPORT OF DEFENDANTS ELEC-TECH INTERNATIONAL CO., LTD. AND ELEC-TECH INTERNATIONAL (H.K.) CO., LTD.'S NOTICE OF MOTION AND MOTION FOR CIVIL CONTEMPT AND/OR FOR SANCTIONS AGAINST PLAINTIFFS AND REED SMITH LLP FOR VIOLATIONS OF THE PARTIES' AGREED PROTECTIVE ORDER** |

Case No. 5:14-CV-02737-BLF
DECLARATION OF MICHAEL D. POWELL

I, Michael D. Powell, declare as follows:

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Elec-Tech International Co., Ltd. and Elec-Tech International (H.K.) Co., Ltd (together "Moving Defendants"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. This declaration is filed in support of Moving Defendants Elec-Tech International Co., Ltd. and Elec-Tech International (H.K.) Co., Ltd.'s Notice of Motion and Motion for Civil Contempt and/or for Sanctions Against Plaintiffs and Reed Smith LLP for Violations of the Parties' Agreed Protective Order (the "Motion").

**EVENTS LEADING TO THE FILING OF THIS MOTION**

3. Plaintiffs originally brought suit against Moving Defendants and other defendants (collectively "Defendants") in this Court. The parties agreed that this litigation was governed by this District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets promulgated by the United States District Court for the Northern District of California (the "Agreed Protective Order").

4. All of Plaintiffs' claims were dismissed by this Court on March 20, 2015. Dkt. No. 122. Four days later, on March 24, 2015, Plaintiffs filed a new complaint in California Superior Court for the County of Santa Clara (the "State Court") against Defendants other than Shenzhen Retop LED Display Co., Ltd. and ETI LED Solutions Inc. (the "State Action").

5. Between the March 24, 2015 filing date of the State Court Action and April 1, 2015, counsel to Defendants twice attempted to obtain a copy of the state court action complaint (the "State Complaint") by sending personnel to the State Court courthouse in downtown San Jose, California, where the court clerks indicated that the State Complaint was not yet available for copying or viewing. On April 1, 201, Plaintiffs' counsel emailed a copy of the State Complaint to Defendants' counsel.

6. On April 2, 2015, Defendants' counsel informed counsel to Plaintiffs of what appeared to be violations of the Agreed Protective Order—*i.e.*, the State Complaint relies upon

and uses information designated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY under the Agreed Protective Order.  Counsel to Plaintiffs denied any improper use of Moving Defendants' designated discovery materials and confidential information.

7. As an interim measure and pending resolution of this dispute, the parties agreed to retract the State Complaint from the public record and replace it with a redacted version, and the parties so stipulated in the Superior Court on May 15, 2015.  At the time, Defendants reserved their rights to seek sanctions for violations of the Agreed Protective Order.

8. On April 23, 2015, Defendants learned that the United States Department of Justice ("DOJ") had issued grand jury subpoenas calling for the production of all documents produced by Defendants to Plaintiffs in this case.  Shortly thereafter, on May 1, 2015, Plaintiffs unilaterally raised the issue of when and whether Plaintiffs would be required to destroy documents under the Agreed Protective Order, and claimed that Plaintiffs were subject to potentially conflicting document preservation obligations under the subpoenas and the destruction obligations under the Agreed Protective Order.

9. The required date of response for the grand jury subpoenas was May 19, 2015—the very same day that Plaintiffs evidently believed that they could be subject to document destruction obligations.  Dkt. No. 137, at 2-3 (May 11, 2015 administrative motion).

## THE PARTIES' MEET AND CONFER

10. On August 3, 2015, counsel to Plaintiffs and Moving Defendants met and conferred telephonically regarding the Motion.  Moving Defendants demanded that Plaintiffs (i) immediately amend the State Complaint so that it does not include any of the highly confidential designated information which counsel to Plaintiffs learned during discovery in this federal court action, (ii) reimburse Defendants for all the legal fees and costs incurred as a result of Plaintiffs' violations of the Agreed Protective Order (including, without limitations, the fees incurred to secure the stipulation in the State Action and in bringing the Motion), and (iii) refrain in the future, from using, for any purpose, any of Moving Defendants' designated discovery material and confidential information obtained in this action and improperly used and/or relied upon by Plaintiffs in the State Complaint.

11. Plaintiffs did not accede to any of the foregoing requests. Accordingly the parties are at an impasse.

**EXHIBITS FILED HEREWITH**

12. True and correct copies of the following are attached hereto:

    a. Exhibit A: A copy of the originally filed State Complaint which, as indicated above, has been retracted from the public record.

    b. Exhibit B: A copy of the redacted State Complaint currently docketed in the State Action.

    c. Exhibit C: Exhibit 1 to Declaration of Lawrence E. James, Jr. in Support of Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. Nos. 88-7 & 91-7   (the "James Declaration") which is a June 2011 email chain between Eva Chan and John Morreale.

    d. Exhibit D: Exhibit 3 to the James Declaration which is an August 2011 email between Donglei Wang, Eva Chan and John Morreale.

    e. Exhibit E: Exhibit 5 to the James Declaration which is an April 2012 email between Eva Chan, Donglei Wang and John Morreale.

    f. Exhibit F: Exhibit 6 to the James Declaration which is a September 2011 email between Eva Chan, Christine Leung, John Morreale, and Greg Crema with spreadsheets.

    g. Exhibit G: Exhibit 7 to the James Declaration which is a copy of an August 2011 email between Donglei Wang, Eva Chan, Greg Crema and John Morreale.

    h. Exhibit H: Exhibit 8 to the James Declaration which is a copy of an agreement between ETI and Gangyi Chen.

    i. Exhibit I: Exhibit 9 to the James Declaration which contains email communications within ETI and between ETI and Gangyi Chen.

    j. Exhibit J: Exhibit 10 to the James Declaration which is a copy of an agreement between ETI and Gangyi Chen.

1         k. Exhibit K: Exhibit 12 to the James Declaration which is a
2   September 2011 email chain between Eva Chan, Donglei Wang, Christine Leung and John
3   Morreale.
4         l. Exhibit L: Exhibit 13 to the James Declaration which is a
5   September/October 2011 email chain between Donglei Wang and Gangyi Chen.
6         m. Exhibit M: Exhibit 14 to the James Declaration which is an
7   October/November 2011 email chain between Donglei Wang and Gangyi Chen.
8         n. Exhibit N: Exhibit 15 to the James Declaration which is a July
9   2011 email chain between Eva Chan and John Morreale.
10        o. Exhibit O: Exhibit 16 to the James Declaration which is a July
11  2011 email chain between Eva Chan and John Morreale.
12        p. Exhibit P: Exhibit 17 to the James Declaration which is a
13  July/August 2011 email chain between Eva Chan, Christine Leung and John Morreale.
14        q. Exhibit Q: Exhibit 18 to the James Declaration which is a
15  July/August 2011 email chain between Eva Chan, Christine Leung and John Morreale.
16        r. Exhibit R: Exhibit 19 to the James Declaration which is an August
17  2011 email chain between Eva Chan, Carol Cheung and John Morreale.
18        s. Exhibit S: Exhibit 20 to the James Declaration which is an August
19  2011 email chain between Eva Chan and John Morreale.
20        t. Exhibit T: Exhibit 23 to the James Declaration which is a June
21  2011 email chain between Eva Chan and John Morreale.
22        u. Exhibit U: Exhibit 24 to the James Declaration which is an
23  October email chain between Eva Chan, Christine Leung and John Morreale.
24        v. Exhibit V: Exhibit 28 to the James Declaration which is a July
25  email chain between Eva Chan, Christine Leung and John Morreale.
26        w. Exhibit W: Exhibit 31 to the James Declaration which is a June
27  2011 email chain between Eva Chan and John Morreale.
28

1           x.      Exhibit X:    Exhibit 39 to the James Declaration which is a September 2011 email chain between Eva Chan, Anneli Munkhom, and John Morreale.

           y.      Exhibit Y:    Exhibit 41 to the James Declaration which is a May 2011 email chain between Eva Chan and John Morreale.

           z.      Exhibit Z:    Exhibit 43 to the James Declaration which is an agreement between ETI and Gangyi Chen.

           aa.     Exhibit AA:   Exhibit 44 to the James Declaration which is a February 2012 letter from Gangyi Chen to Donglei Wang.

           bb.     Exhibit BB:   Exhibit 45 to the James Declaration which is a series of email communications in February 2012 between ETI and Gangyi Chen.

           cc.     Exhibit CC:   Exhibit 50 to the James Declaration which is a series of email communications in 2011 and 2012 between ETI and Gangyi Chen.

* * *

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this seventh day of August 2015, in Redwood Shores, California.


By */s/ Michael D. Powell*
    Michael D. Powell